```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

JOANN ISAAC,

       Plaintiff,

v.                                Case No: 2:16-cv-171-FtM-99CM

CLASSIC CLEANERS OF PELICAN
LANDING, INC., a Florida
profit corporation,

       Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion for Final Default Judgment (Doc. #15) filed on August 10, 2016. No response has been filed and the time to do so has expired. The Court finds that an evidentiary hearing is not required in this case and will render a decision based on the documents submitted.

**I.**

On March 2, 2016, plaintiff Joann Isaac (plaintiff) filed a Complaint (Doc. #1) and is currently proceeding on her Amended Complaint (Doc. #8) against her former employer, defendant Classic Cleaners of Pelican Landing, Inc. (defendant). Plaintiff seeks damages for defendant's willful failure to pay overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 207 (FLSA) (Count I). (Doc. #8, ¶¶ 14-31.) Because defendant failed to respond to plaintiff's Amended Complaint (Doc. #8), a Clerk's

Entry of Default (Doc. #14) was entered on July 11, 2016. Plaintiff now moves for the entry of judgment against defendant.

**II.**

When a default judgment occurs, a defendant admits the plaintiff's well-pled allegations of fact. If liability is well pled, it is established by virtue of a default judgment. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987). The mere entry of a default by the clerk does not in itself warrant the entry of default by the Court. Rather the Court must find that there is sufficient basis in the pleadings for the judgment to be entered." GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd., 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (citation omitted). A complaint must state a claim in order for default judgment to be granted. Id.

According to the Amended Complaint, upon information and belief at all relevant times, defendant was an enterprise engaged in interstate commerce, or the production of goods for interstate commerce, with an annual gross revenue in excess of $500,000. (Doc. #8, ¶ 9-10.) In the Amended Complaint and plaintiff's Affidavit filed in support of default, plaintiff pled and averred that she was a non-exempt, hourly-paid employee of defendant, and was hired in May of 2003, and ended employment on January 5, 2016. (Doc. #8, ¶ 13; Doc. #15-1, ¶ 9.) Plaintiff engaged in interstate commerce by operating the cash register and customer service.

(Doc. #8, ¶¶ 5, 14.)  Plaintiff was required to regularly work 40 hours per week without compensation for the overtime hours.  (Id. at ¶¶ 15-17.)

Pursuant to plaintiff's Affidavit, plaintiff was a Cashier who averaged 10.5 hours a day during "out-of-season," 5 days a week; and 12.0 hours a day during "in-season," 7 days a week, with a regular rate of pay that varied between $10 and $12 per hour, but plaintiff only received pay at her regular rate for 50 hours a week.  (Doc. #15-1, ¶¶ 4-8.)  Plaintiff states that she is owed unpaid overtime compensation and overtime premiums of $38,391.63 for three-years of work within the statute of limitations period. (Id. at ¶9.)  Plaintiff attached a chart to her Affidavit (Exhibit A) that she prepared with the help of her counsel, detailing the calculations.  (Doc. #15-2.)  She also attached her paystubs for the relevant time period.  (Doc. #15-3.)

To establish a prima facie case for overtime compensation, a plaintiff must show: (1) defendant employed them; (2) defendant is an enterprise engaged in interstate commerce covered by the FLSA; (3) plaintiff worked in excess of a 40-hour workweek; and (4) defendant did not pay overtime wages to him. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1277 n. 68 (11th Cir. 2008). "As a general rule, the FLSA provides that employees are entitled to receive overtime pay at one and one-half times their regular rate for all hours worked in excess of forty per week." Avery v.

City of Talladega, Ala., 24 F.3d 1337, 1340 (11th Cir. 1994) (referencing 29 U.S.C. § 207(a)(1)).  While plaintiff has not produced any time sheets or time cards, "the employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."  Etienne v. Inter-County Sec. Corp., 173 F.3d 1372, 1373 (11th Cir. 1999) (citations omitted).

The Court finds that plaintiff has adequately pled the failure to pay overtime wages under the FLSA, which allegations are deemed admitted, supporting the entry of a default judgment against defendants as to Count I.

### III.

With regard to damages, plaintiff submitted an Affidavit as to her hours and wages, including all paystubs.  In the motion, plaintiff asserts a claim for the unpaid overtime wages in the amount of $38,391.63, plus an equal amount for authorized liquidated damages.  This amount was reached by using the hourly rate that plaintiff was paid, multiplied by half-time for hours worked from 40-50 hours per week, and time and one half for the hours worked in excess of 50 hours per week.  Finding no records available to the contrary, the Court will grant the motion as to the requested overtime wages ($38,391.63) and an equal amount for

liquidated damages[1] ($38,391.63) for a total of ($76,783.26) as to Count I.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.   Plaintiff's Motion for Final Default Judgment (Doc. #15) is **GRANTED.**  The Clerk shall enter default judgment in favor of plaintiff and against defendant as to Count I for unpaid overtime compensation in the amount of $38,391.63, and an equal amount of liquidated damages in an amount of $38,391.63, for a total of $76,783.26.

2.   The Clerk is further directed to terminate all pending matters and to close the file.

3.   Any motion for attorney's fees and/or costs shall be filed within **FOURTEEN (14) DAYS** of the entry of judgment.

**DONE and ORDERED** at Fort Myers, Florida, this __27th__ day of December, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

---

[1] Under the FLSA, liquidated damages are mandatory unless the employer can show that it acted in good faith and had reasonable grounds to believe that its actions did not violate the FLSA overtime requirement. <u>Glenn v. Gen. Motors Corp.</u>, 841 F.2d 1567, 1573 (11th Cir. 1988).