```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

JOANN ISAAC,

      Plaintiff,

v.                                    Case No: 2:16-cv-171-FtM-29CM

CLASSIC CLEANERS OF PELICAN LANDING, INC., a Florida profit corporation,

      Defendant.

_____

## **OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Reasonable Attorneys' Fees and Costs (Doc. #18) filed on January 10, 2017. No response has been filed, and the time to respond has expired.

On December 27, 2016, the Court issued an Opinion and Order (Doc. #16) granting default judgment in favor of plaintiff and against defendant as to Count I for unpaid overtime compensation and liquidated damages under the provisions of the Fair Labor Standards Act (FLSA). Default Judgment (Doc. #17) was entered against defendant on the same day. Plaintiff now seeks attorney's fees as the prevailing party, and under the statutory authority of the FLSA allowing for "reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The

Court finds that plaintiff is a prevailing party, and is entitled to an award of fees and costs.

**A. Attorney Fees**

Plaintiff seeks an award of $3,203.50 in attorney and paralegal fees, and $577.91 in costs for a total of $3,781.41. In support, plaintiff filed a Declaration for Reasonable Attorneys' Fees (Doc. #18-1, Exh. A).[1] The Declaration details counsel's background and experience, and December 2011 through January 2015 hourly rate of $350.00 an hour. Counsel now operates at a rate of $425.00 an hour, but is seeking an hourly rate of $350.00 in this case. Counsel expended 8.8 hours on the case, and the paralegal spent a total of 1.3 hours on the case at a rate of $95.00 an hour.

A reasonable attorney fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The party seeking an award of fees should submit adequate documentation of hours and rates in support, or the award may be reduced. Id. In determining

---

[1] Plaintiff's counsel also filed a Notice of Filing Amended Exhibit (Doc. #19) indicating that the attached Affidavit (Doc. #19-1) was being provided "to correspond with references in the Motion", however the Affidavit references a different case and the numbers do not match the request in the motion. The Affidavit will not be considered.

the reasonable amount of hours, the Court may conduct an hour-by-hour analysis or it may reduce the requested hours across the board, Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008), and the Court must eliminate excessive, unnecessary, and redundant hours, Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1301-02 (11th Cir. 1988). A "reasonable hourly rate" is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. The burden is on the fee applicant "to produce satisfactory evidence" that the rate is in line with those prevailing in the community. Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984). The prevailing market is the Fort Myers Division of the Middle District of Florida. Olesen-Frayne v. Olesen, 2:09-CV-49-FTM-29DNF, 2009 WL 3048451, *2 (M.D. Fla. Sept. 21, 2009).

Having reviewed the attached Time Sheets (Doc. #18-1, Exh. A-1), the Court finds that the hours expended are reasonable, and while the hourly rate may be on the higher end of reasonable fees in the Fort Myers Division, it is not disputed by defendant. The Court will grant $3,203.50 in attorney and paralegal fees as requested.

**B. Costs**

Plaintiff also seeks statutory costs, and expenses. (Doc. #18-1, Exh. A-2.) The plain text of the FLSA only provides for "costs of the action" to the prevailing party, which limits recovery to those statutory costs listed in 28 U.S.C. § 1821 and 28 U.S.C. § 1920. Glenn v. Gen. Motors Corp., 841 F.2d 1567, 1575 (11th Cir. 1988). Counsel claims $31.75 in necessary copying costs[2], $400 for the filing fee, $36.16 for postage, and $110.00 for service of process[3]. The Court will not allow the copying costs as plaintiff has failed to explain the necessity of the cost. The Court will otherwise allow those costs enumerated in 28 U.S.C. § 1920, and disallow the expenses for postage, see Gary Brown & Assocs., Inc. v. Ashdon, Inc., 268 F. App'x 837, 846 (11th Cir. 2008) (expenses for meals, a courier, postage, and lodging are not included in § 1920). Therefore, the Court will award a total of $510.00 in statutory costs.

Accordingly, it is hereby

**ORDERED:**

---

[2] The motion describes them as "necessary copies", but no explanation is provided as to how or why they were necessary for use in the case. (Doc. #18, p. 3.)

[3] The Return of Service (Doc. #11) indicates that the process server first went to the home of the registered agent, and then ultimately located and served the registered agent at Class Cleaners of Pelican Landing, Inc., the defendant corporation.

1. Plaintiff's Motion for Reasonable Attorneys' Fees and Costs (Doc. #18) is **GRANTED** as set forth above.

2. The Clerk shall enter an amended judgment granting attorney's fees in favor of plaintiff in the amount of $3,203.50, and statutory costs in the amount of $510.00.

**DONE and ORDERED** at Fort Myers, Florida, this ___16th___ day of February, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record